SAMUEL H. STERETT AND WILLIAM T. COLBRON, RESPONDENTS, v. DENVER AND RIO GRANDE RAIL- WAY COMPANY, APPELLANT.

*Code of Civil Procedure, § 432, sub. 3 — who not a managing agent within.*

An assistant secretary of a foreign railroad company, whose duty consists in making such records as he may be expressly directed to make, is not a managing agent within the meaning of subdivision 3 of section 432 of the Code of Civil Procedure, authorizing service upon the corporation by the delivery of a summons to a managing agent.

APPEAL from an order denying a motion to set aside the service of the summons in this action.

The cause of action arose upon an alleged breach of contract on the part of the defendant, in not converting certain scrip issued by said company into bonds. The demand for such exchange was first made of the agent in New York, and thereafter by letters written to the officers of the company in Colorado.

*Theodore F. H. Meyer,* for the appellant.

*Thomas Vernon,* for the respondents.

POTTER, J.:

The defendant is a foreign corporation created by the laws of Colorado. The summons was served upon one Hinchman, in the city of New York.

Personal service of a summons upon a foreign corporation in this State can only be made in the manner provided by section 432 of Code of Civil Procedure. Subdivision 1 of said section provides that such service may be made by delivering a copy thereof within this State to the president, treasurer or secretary, or if the corporation lacks either of those officers, to the officers performing corresponding functions under another name.

The defendant had provided each of said offices, and filled them with others than said Hinchman on whom the service was made.

The defendant had not designated any one upon whom service could be made pursuant to subdivision 2 of said section.

Service therefore had to be made pursuant to subdivision 3 of said section, and it is contended that service was well made in this case under said provision.

To effect good service under that provision the defendant must have property within the State, or the cause of action must have arisen within the State, and the summons must have been delivered to the cashier, director or *managing agent of the defendant.*

It is claimed that Hinchman was the managing agent of defendant.

The evidence fails to show that he was a managing agent of defendant. He was appointed by the president assistant secretary, and the only duty or service shown to have been performed by him was the signing of some scrip certificates.

The allegation in the plaintiff's affidavit that Hinchman was assistant secretary *and managing agent,* is a conclusion or inference and not a fact.

The duty of a managing agent of a railroad company embraces the general and practical operations and business of running its road, and involves the exercise of a wide discretion. The duties of a managing agent and of an assistant secretary are entirely distinct and dissimilar. As assistant secretary it was but the simple duty of Hinchman to write and record as he was directed, and he states in his affidavit that he did nothing except under express direction. The nature and character of a managing agent has been adjudicated in accordance with these views. (*Brewster* v. *Mich. Cen. R. R.,* 5 How., 183; *Doty* v. *Mich. Cen. R. R.,* 8 Abb., 427; *Flynn* v. *Hud. R. R.,* 6 How., 308.)

But the evidence contained in the affidavits shows the defendant had no property in this State at the time of the service of the summons. Hinchman, the assistant secretary, swears unqualifiedly that the defendant had no property in the State, and he had the best opportunity of knowing the fact. The only evidence tending to show that the defendant had property in this State is the fact that some furniture was in the office or room occupied by said Hinchman.

It is very clear from the case made by the affidavits that if plaintiff had any cause of action (which is extremely doubtful) that it did not arise in this State. The demand for the exchange of mortgage bonds for scrip should have been made of the company at its place of business in Colorado.

No authority is shown to be possessed by Hinchman, certainly not by Hinchman's brother, to make the exchange. The plaintiffs seem to have had the same opinion, for on the twenty-fifth of November, three days after making the demand of Hinchman, they sent a letter which, if capable of being construed into a demand of the defendant at their office in Colorado, did not reach the company till the thirtieth of November, at 2 P. M., and before that date namely, the twenty-fifth, the plaintiffs had demanded the *cash* instead of bonds for a part of their scrip. Thus nullifying the demand for bonds, even if it had been a sufficient demand, and before that time of the day, the defendant had exercised its option of paying the scrip in cash.

We think the order appealed from should be reversed, with ten dollars costs and the disbursements for printing, and that the service of the summons should be set aside with ten dollars costs of the motion to set the same aside.

BRADY, J., concurred in result.

Present — BRADY and POTTER, JJ.

Order reversed, with ten dollars costs and disbursements; service of summons set aside with ten dollars costs of motion.